## UNITED STATES v. MURPHY.

(Third Division. Valdez. December 16, 1910.)

### No. 240.

CRIMINAL LAW (§ 114*)—OFFENSES COMMITTED AT SEA.

The defendant is in custody, charged with the crime of assault with a dangerous weapon committed on board an American vessel, at sea, and outside the jurisdiction of any particular state or territory. The vessel was en route to Alaska, and the prisoner was delivered to the United States marshal at Cordova, Alaska, the first American port touched after the affray. On motion of the United States District Attorney for a warrant to remove the prisoner to the Western District of Washington for trial, *held*, under section 730, Rev. St. U. S. (U. S. Comp. St. 1901, p. 585), the defendant is triable in the district court of Alaska.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 233; Dec. Dig. § 114.*]

*See same topic & § NUMBER in Dec. & Am. Digs. Key No. Series & Rep'r Indexes

The District Attorney has moved in this case for a warrant to remove the defendant to the Western District of Washington for trial.

The transcript returned by the commissioner of Cordova Precinct in holding the defendant to answer discloses that he is charged and held on account of having assaulted with a dangerous weapon upon the high seas, on board an American vessel, out of the jurisdiction of any particular state and within the admiralty jurisdiction of the United States, one James Chambers. The transcript further discloses that the defendant, Murphy, was placed under arrest by the captain of the ship; that an attempt was made to surrender him to the authorities at Nanaimo, British Columbia, but they declined to receive him on the ground that their courts had no jurisdiction, the assault having been committed upon a vessel of the United States upon the high seas. It further therein appears that the defendant was then brought by the master to Cordova, Alaska, in this division, being the first port of the United States at which the vessel called after the assault; that the defendant was there surrendered to the United States marshal and proceeded against before the commissioner at that place and by him held to answer.

George W. Walker, Dist. Atty., for the United States.

L. V. Ray, of Seward, and E. E. Ritchie, of Valdez, for defendant.

CUSHMAN, District Judge. The District Attorney contends that, under section 730 of the Revised Statutes (U. S. Comp. St. 1901, p. 585), the only district in which the defendant can be tried is the first district of the United States in which there is established a district court of the United States into which the defendant is brought or in which he shall be found, and that the territorial court of Alaska has not jurisdiction.

Section 730 of the Revised Statutes (U. S. Comp. St. 1901, p. 585) provides:

"The trial of all offenses committed upon the high seas or elsewhere, out of the jurisdiction of any particular state or district,

shall be in the district where the offender is found, or into which he is first brought."

Section 5346 of the Revised Statutes (U. S. Comp. St. 1901, p. 3630) provides:

"Every person who, upon the high seas, or in any arm of the sea, or in any river, haven, creek, basin, or bay, within the admiralty jurisdiction of the United States, and out of the jurisdiction of any particular state, on board any vessel belonging in whole or part to the United States, or any citizen thereof, with a dangerous weapon, or with intent to perpetrate any felony, commits an assault on another shall be punished by a fine of not more than three thousand dollars, and by imprisonment at hard labor not more than three years."

In United States v. Newth (D. C.) 149 Fed. 302, it was held that the District Court of this territory did not have jurisdiction in a similar case, and that the District Court of the Western District of Washington did have jurisdiction. That ruling appears to be predicated upon the wording of the act of June 6, 1900 (31 Stat. 321, c. 786), defining the powers of the then district court of this territory, and in order to give effect to the change made in the language of that law over the provisions of the organic act of 1884 (Act May 17, 1884, c. 53, 23 Stat. 24).

The act of 1884 provided in section 3:

"That there shall be, and hereby is, established a district court for said district, with the civil and criminal jurisdiction of District Courts of the United States, and the civil and criminal jurisdiction of District Courts of the United States exercising the jurisdiction of Circuit Courts, and such other jurisdiction, not inconsistent with this act, as may be established by law."

The act of June 6, 1900, provided:

"There is hereby established a district court for the district, which shall be a court of general jurisdiction in civil, criminal, equity, and admiralty causes; and three district judges shall be appointed for the district, who shall, during their term of office, reside in the divisions of the district to which they may be respectively assigned by the President."

The existing law defining the jurisdiction of this court passed March 3, 1909, provides:

"That there is hereby established a district court for the district of Alaska, with the jurisdiction of Circuit and District Courts of the

United States and with general jurisdiction in civil, criminal, equity, and admiralty causes." Act March 3, 1909, c. 269, § 2, 35 Stat. 839.

Section 10, pt. 2, of Carter's Code of Alaska, being a part of the act of March 3, 1899 (30 Stat. 1286, c. 429), of the acts of Congress, provides:

"That grand juries, to inquire of the crimes designated in title one of this act, committed or triable within said district, shall be selected and summoned, and their proceedings shall be conducted, in the manner prescribed by the laws of the United States with respect to grand juries of the United States District and Circuit Courts, the true intent and meaning of this section being that but one grand jury shall be summoned in each division of the court to inquire into all offenses committed or triable within said district, as well those that are designated in title one of this act as those that are defined in other laws of the United States."

Section 1 of the act of March 3, 1899, containing the Penal Code for Alaska, provides:

"That the district of Alaska consists of that portion of the territory of the United States ceded by Russia, by the treaty of March thirtieth, eighteen hundred and sixty-seven."

Section 1 of the act of June 6, 1900, containing the Civil Code for Alaska, provides:

"That the territory ceded to the United States by Russia by the treaty of March thirtieth, eighteen hundred and sixty-seven, and known as Alaska, shall constitute a civil and judicial district, the government of which shall be organized and administered as hereinafter provided. The temporary seat of government of said district is hereby established at Juneau," etc.

It would appear that there were two chief points aimed at in section 730, Rev. Stat., supra: First, to render certain the venue of prosecution; second, to make such venue as convenient as possible. In according to this court jurisdiction, there is no violence done either of these controlling purposes or the language of the section. This court has all the subject-matter jurisdiction of Circuit and District Courts of the United States. It has jurisdiction of the person of the defendant, and the district presided over by this court was created by the same legislative power that created the Western District of Washington. The word "district" is used twice in section 730. It would appear

that in its first use in that section it was not only broad enough to include the districts of the District Courts of the United States, with their geographical and subject-matter jurisdiction, as contrasted with the states and their geographical and subject-matter jurisdiction, but to include the district covering the territories of the United States and District of Columbia.

There is nothing in reason to justify on the part of Congress a greater concern for the punishment of crimes committed outside of the jurisdiction of the states than of the territories. If it is used in the above sense the first time in this section, the presumption is strong that it was used with the same meaning the second time. This position seems to be sustained by the decision in Kerr v. Shine, 136 Fed. 61, 69 C. C. A. 69.

The motion is denied, and the defendant held to answer to the United States grand jury next called in this division.